UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SKILLNET SOLUTIONS, INC.,

    Plaintiff,

v.

Case No. 12-12173
Hon. Lawrence P. Zatkoff

ENTERTAINMENT PUBLICATIONS, LLC,

    Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Reconsideration [dkt 33]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), a response to Defendant's Motion for Reconsideration is not permitted. As such, the Court finds that the facts and legal arguments are adequately presented in Defendant's Motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), and 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the brief submitted. For the reasons set forth below, Defendant's Motion is DENIED.

### II. BACKGROUND

Defendant's Motion challenges the Court's December 5, 2012, Opinion and Order granting in part and denying in part Plaintiff's Motion to Dismiss Defendant's Counterclaim [dkt 31]. In its December 5, 2012, Opinion and Order, the Court dismissed Counts II, III, and V of Defendant's Counterclaim.

### III. LEGAL STANDARD

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court,

either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp. 2d 609, 618 (E.D. Mich. 2008).

## IV. ANALYSIS

The Court's December 5, 2012, Opinion and Order dismissed Defendant's claims of fraud in the inducement and unjust enrichment. With respect to Defendant's fraudulent inducement claim, the Court concluded that Defendant's reliance on alleged pre-contractual misrepresentations was unreasonable based on the terms of the parties' Contract,[1] which, importantly, contained a merger clause. Additionally, the Court dismissed Defendant's unjust enrichment claim since an express agreement, *i.e.*, the parties' Contract, governs the parties' relationship.

Defendant lodges numerous arguments against the Court's December 5, 2012, Opinion and Order. Because some of the arguments appear to be repetitious, the Court construes Defendant's Motion as challenging the Court's decision on three main grounds: (1) proper interpretation of the parties' Contract requires extrinsic, technical testimony and thus an expert is needed to interpret the Contract; (2) alternatively, even if technical testimony is not required to interpret the Contract, the Court's interpretation of the Contract was improper; and (3) because Defendant's fraud claim should not have been dismissed, its unjust enrichment claim does not fail as a matter of law.[2] As explained below, the Court denies Defendant's Motion.

---

[1] The parties' Contract comprises the Services Agreement, Statement of Work, and two Purchase Orders. The relationship of these documents was described in the Court's December 5, 2012, Opinion and Order. *See* Dkt. # 31.

[2] Defendant asserts near the beginning of its Motion—though failing to raise the argument in the substance of its brief—that it was not afforded a full opportunity to brief the argument upon which the Court based its ruling. The Court rejects this argument for two reasons. First, there is no legal authority that precludes the Court from resolving a moving party's motion on grounds not previously raised or cited to by the parties. Second, Defendant's claimed

Defendant first argues that technical testimony is necessary to interpret the Contract, namely, what deliverables and level of proficiency the Contract required. If expert testimony were allowed, Defendant theorizes, such testimony would reveal that Plaintiff was to work intimately with the Hybris software and was obliged to possess expertise in that software, thus fraudulently inducing Defendant into entering the Contract based on false, pre-contractual misrepresentations regarding its (*i.e.*, Plaintiff's) expertise. In support of this contention, Defendant cites to several Michigan cases wherein extrinsic evidence was admissible to interpret a specific contractual term that was considered either objectively ambiguous or "technical." *See Wells Fargo Bank, NA v. Cherryland Mall Ltd. P'ship*, 295 Mich. App. 99, 115 (2011) (concluding that the trial court erred by failing to consider extrinsic evidence to the extent necessary to determine the meanings of "single purpose entity" and "separateness" in the mortgage document); *SSC Assoc. Ltd. P'ship v. Gen. Ret. Sys. of City of Detroit*, 210 Mich. App. 449, 452 (1995) (affirming the trial court's acceptance of expert witness testimony to explain the meaning of the contractual term "internal rate of return," because such term was considered a "technical term"); *Moraine Products, Inc. v. Parke, Davis and Co.*, 43 Mich. App. 210, 213 (1972) (finding that the trial court did not err by admitting expert testimony to explain the term "compound combination" in the licensing agreement); *Anderson v. Brown*, 21 Mich. App. 699, 702–04 (1970) (determining that the phrase "property in the care, custody or control of the insured" in the insurance policy had not yet been properly defined or applied in Michigan courts and, given the facts of that case, the question should have been submitted to the jury).[3]

---

lack of opportunity to fully address the argument upon which the Court relied belies the fact that it raised the reasonable reliance argument on page 6 of its response brief to Plaintiff's Motion to Dismiss. *See* Dkt. # 25 at p. 11.

[3] Defendant also relies on other Michigan state cases for his first argument. None of these decisions are on point with factual circumstances of this case. *See Profit Pet v. Dogswell, LLC*, 603 F.3d 308, 314–15 (2010) (finding that, because the agreement at issue in that case was plagued with discrepancies, blanks spaces, and hand-written notes, the agreement was subject to conflicting interpretations and extrinsic evidence could be considered); *Klapp v. United Ins. Group Agency, Inc.*, 468 Mich. 459 (2003) (holding that there was an "irreconcilable conflict" between two provisions in a contract and therefore extrinsic evidence was admissible to interpret the "ambiguous" language;

After considering and reviewing those cases, the Court finds them to be markedly distinguishable from the present set of facts. Here, unlike every above-cited case, Defendant has failed to point to any *specific* contractual term, or combination of terms, in the deliverables and proficiency sections of the Contract that are too technical or that suffer from such ambiguity that precludes the Court from employing its interpretation of the Contract.[4] Merely asserting that the Contract is "voluminous," is "filled with technical specifications," and makes "references to Hybris" is unpersuasive. The Court is not inclined to guess what terms, if any, would allegedly need interpretation by a technological expert. Accordingly, Defendant's first argument has not illustrated a palpable defect by which the Court was misled.

Defendant next argues that even if technical testimony is not required the Court's interpretation of the parties' Contract was improper. In essence, Defendant's argument here is nothing more than a disagreement with the Court's ruling. Such disagreement is an inadequate basis upon which to file a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No 06-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

Finally, according to Defendant, if the Court permitted its fraud claim to proceed—which potentially affords Defendant the opportunity to void the Contract—Defendant could then seek recovery under an unjust enrichment theory because the parties would not be governed by an

---

*Arrigo's Fleet Serv., Inc. v. Aetna Life & Cas. Co.*, 54 Mich. App. 482, 492 (1974) (concluding that the clause in the policy excluding damage to property in the care, custody or control of the insured was ambiguous and whether the particular instance was excluded from coverage under the clause was question of fact).

[4] The Court briefly addresses two matters. First, though Defendant periodically claims throughout its brief that the Court did not properly take into account all of the provisions in the parties' Contract when considering Plaintiff's Motion to Dismiss, the Court did, in fact, carefully review the submitted documents that collectively form the Contract (*i.e.*, the Services Agreement, the Statement of Work, and the Purchase Orders). Second, Defendant repeats multiple times in its brief that the Court did not consider the conflicts provision in the Statement of Work, which provided that in the face of conflict the Statement of Work would be deemed controlling over the Services Agreement. Contrary to Defendant's assertion, the Court was well aware of that conflicts provision. The Court notes, however, that Defendant has not pointed to such a conflict between the documents that would cause the provision to take effect.

express agreement. The Court, however, has already disposed of Defendant's arguments relating to its fraud claim, *supra*. Therefore, because Defendant has not presented to the Court a palpable defect such that expert testimony is needed, and because dismissal of its fraudulent inducement claim stands, Defendant's desire to pursue its theory of unjust enrichment is denied.

In conclusion, the Court denies Defendant's Motion because (1) Defendant has merely presented the same issues ruled upon by the Court, either expressly or by implication, and (2) Defendant has not demonstrated a palpable defect by which the Court was misled.

### V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration [dkt 33] is DENIED.[5]

IT IS SO ORDERED.

Date:   March 7, 2013                                          S/Lawrence P. Zatkoff
                                                               HON. LAWRENCE P. ZATKOFF
                                                               U.S. DISTRICT JUDGE

---

[5] Defendant asks the Court in its Motion for clarification on whether the December 5, 2012, Opinion and Order constituted a judgment on Defendant's fraudulent inducement and unjust enrichment claims or, in the alternative, whether Defendant would be granted leave to amend its first amended Counterclaim. As stated in the December 5, 2012, Opinion and Order, and the instant Order, Defendant's fraudulent inducement and unjust enrichment claims are dismissed. The Court will not afford Defendant leave to amend its first amended Counterclaim.